[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above cited case involves a petition for Writ of Habeas Corpus in which the petitioner claims that he was denied statutory good time credit for a sentence resulting from a conviction of a crime committed after October 1, 1994. After a review of the petition the court, sua sponte, and pursuant to § 23-29(2) of the Practice Book, scheduled a hearing to determine whether the petition should be dismissed on the ground that the relief sought is unavailable pursuant to § 18-100d of the General Statutes and Velez v. Commissioner of Correction, 250 Conn. 536 (1999).
The petitioner was represented by Assistant Public Defender Todd CT Page 13877 Edgington of the Officer of the Chief Public Defender who did not object to the dismissal of the petition. Indeed, Attorney Edgington essentially agreed that based upon statutory and case law the petitioner was not entitled to statutory good time credit, and that the court was unable to provide the relief sought. Accordingly, after reviewing the petition the court found that the petitioner was not legally entitled to the statutory good time which he sought, the court dismissed the petition.
The same Office of the Chief Public Defender which agreed with the habeas court's judgment to dismiss the petition has now filed a petition for certification claiming that Velez v. Commissioner, 250 Conn. 536
(1999) is wrongly decided and should be reconsidered by the Supreme Court. The petitioner has not cited, nor can the court find, any issue of fact or law contained within the judgement of the court which warrants appellate review. After reviewing the unambiguous language of § 18-100d, and the unanimous decision of the Supreme Court in its consideration of this issue, this court is unable to certify that any question involved in the decision dismissing the petition is debatable among jurists of reason.
The petitioner has not satisfied the statutory criteria for an appeal pursuant to General Statute § 52-470(b). Accordingly, the petition for certification is denied.
Terence A. Sullivan, J. Superior Court Judge